SAMUEL SWAFFORD, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS defendants in error.

*Error to Franklin.*

The statute does not authorize appeal bonds to be amended, in criminal cases. The statute regulating appeals in civil cases is otherwise.

W. B. SCATES, for the plaintiff in error.

N. W. EDWARDS, Atty. Gen., for the defendants in error.

BROWNE, Justice, delivered the opinion of the Court:

This was a prosecution had under the statute of this State, entitled "*An act to extend the jurisdiction of Justices of the Peace.*"(2) A verdict was rendered before the justice, and judgment thereupon against the defendant, Swafford, for fifty dollars and costs; from which an appeal was taken to the Circuit Court of Franklin county, under the 7th section of the above recited statute, which is as follows: "If any person shall be dissatisfied with the verdict of the jury given before any justice of the peace, because of the fine being too low, or because the defendant may have been acquitted, he shall be permitted to remove the said case into the Circuit Court upon his executing bond to the People of the State of Illinois, before the clerk, &c." The appeal bond was given by the said defendant, Swafford, to Eve Reynolds (upon whom the assault and battery was committed) and to the People. The appeal was dismissed in the Circuit Court, on account of the informality of the bond. From this decision of the Circuit Court of Franklin county, the cause is

(1) Breese 197.        (2) R. L. 402; Gale's Stat. 416.

Y

brought here by a writ of error. The bond in this case ought clearly to have been given by the defendant, Swafford, to the People of the State of Illinois, as required by the statute. The statute does not authorize appeal bonds to be amended, in criminal cases. The statute regulating civil proceedings, has no application to this.

The judgment of the Court below is affirmed.

*Judgment affirmed.*